IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN JACKSON  *
    Petitioner,
v.  * CIVIL ACTION NO. RDB-13-3219

CIRCUIT COURT OF HOWARD COUNTY  *
    Respondent.
*****

## MEMORANDUM OPINION

On October 29, 2013, Kevin Jackson ("Jackson"), who is confined at the Clifton T. Perkins State Hospital Center, filed this action seeking mandamus relief. He claims that a state circuit court judge "overreached" his authority by allowing a court-appointed guardian of Jackson's property to withdraw $2,000.00 in funds from an established bank account for payment of a coffin. (ECF No. 1).

The document was treated as a mandamus petition seeking to obtain federal court relief in Jackson's state court case. According to the attachments, after being certified incompetent, in February of 2011, Jackson was appointed a guardian of the property pursuant to Md. Code Ann., Est. & Trusts, § 13-201(c), with the guardian to make an annual accounting of Jackson's assets. The attachments also illustrate that the appointed guardian opened up a bank account and set aside money for funeral arrangements. (*Id.*) Jackson seemingly claims that Howard County Circuit Court Judge Timothy J. McCrone exceeded his judicial authority by permitting the guardian to "waste" Jackson's "meager" inheritance by pre-arranging funeral expenses, including the purchase of a coffin. He claims that as he is of sound mind and body there is no need for a coffin and burial plot. Jackson asserts he is indigent as his funds have been exhausted. (*Id.*). Leave to proceed without the prepayment of the filing fee shall be granted.

To the extent that Jackson is seeking federal court intervention to enjoin the state court from allowing his funds to be disbursed, this Court has no authority to take such action under its mandamus power.[1] See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment, 172 F.3d 307, 312 n. 3 (4th Cir. 1999); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969) (federal court has no mandamus jurisdiction to compel state authorities to take action). The Petition for Mandamus Relief shall be denied.

Date: November 1, 2013

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] No federal claim has been articulated. As indicated, insofar as Jackson seeks direct federal court involvement in the property aspect of his state proceedings, the court is without jurisdiction to so do. Therefore, the undersigned sees no need to initiate review under Fed. R. Civ. P. 17(c)(2) and shall not bring this case to the attention of or require a response from Jackson's guardian.

2